**In re CINCINNATI GAS & ELECTRIC SECURITIES LITIGATION.**

**Ralph RUBIN, et al., Plaintiffs,**

**v.**

**William H. DICKHONER, et al., Defendants.**

**Louis PELLER, et al., Plaintiffs,**

**v.**

**William H. DICKHONER, et al., Defendants.**

**Nos. C–1–83–1721, C–1–83–1761.**

United States District Court, S.D. Ohio, W.D.

Aug. 8, 1984.

Stanley M. Chesley, Cincinnati, Ohio, for plaintiffs.

John W. Beatty, Cincinnati, Ohio, for Henry J. Kaiser Co. & Raymond Kaiser Engineers.

Robert G. Stachler, Cincinnati, Ohio, for CG & E.

Robert A. Pitcairn, Jr., Cincinnati, Ohio, for Borgmann.

Douglas G. Cole, Cincinnati, Ohio, for Dickhoner & Yaeger.

OPINION AND ORDER DENYING KAISER DEFENDANTS' MOTION TO DISMISS, OR FOR A MORE DEFINITE STATEMENT

SPIEGEL, District Judge.

This matter came on for consideration of a motion by defendants Henry J. Kaiser

Company and Raymond Kaiser Engineers, Inc. (the Kaiser defendants) to dismiss the amended consolidated class action complaint (doc. 2) against them, or, in the alternative, to compel plaintiffs to make a more definite statement of the claims against such defendants (doc. 9). Plaintiffs filed a memorandum in opposition (doc. 15), to which defendants have replied (doc. 16). For reasons that follow, we conclude that the defendants' motion to dismiss should be denied. We find further that their motion in the alternative for a more definite statement should also be denied.

## I .

This action arises out of the construction of the William H. Zimmer Nuclear Power Station by defendant Cincinnati Gas & Electric Co. (CG & E). Defendant Henry J. Kaiser Company (HJK) was the principal contractor at Zimmer until being replaced by the Bechtel Power Corporation in late 1983. HJK is a subsidiary of defendant Raymond Kaiser Engineers, Inc. (RKE).

Plaintiffs brought this action on behalf of themselves and others similarly situated. They allege four separate causes of action in the amended complaint.

Counts 1 and 3 allege fraud in connection with the sale of CG & E securities. Plaintiffs purport to state claims under section 10(b) of the Securities Exchange Act of 1934 and Rule 10(b)–5, as well as under the common law of fraud and deceit. The Kaiser defendants contend that Counts 1 and 3 should be dismissed as to Kaiser because plaintiffs fail to state a claim upon which relief could be granted, or because plaintiffs fail to allege fraud with the particularity required by Rule 9(b), Fed.R.Civ.P.

Count 2 asserts claims under the Securities Act of 1933 against CG & E and the individual defendants only. Count 2 expressly excludes the Kaiser defendants.

Count 4 alleges a common-law claim for negligent misrepresentation. The Kaiser defendants maintain that Count 4 should be

dismissed as to them because there is no such cause of action under Ohio law.

The factual allegations of the amended complaint refer generally to "defendants." The basic allegation is that CG & E, with the aid and assistance of the Kaiser defendants and the individual defendants (CG & E officers and directors), conspired to inflate artificially the price of CG & E stock by making untrue statements of material facts and by omitting to state material facts that were necessary to render other statements about CG & E's business, finances, and future business prospects not misleading. Plaintiffs further allege that these acts were intended to and did act as a fraud and deceit upon plaintiffs, causing them to pay inflated prices for CG & E securities.

The factual allegations referring specifically to the Kaiser defendants are located in four paragraphs of the amended complaint. Paragraph 10 identifies HJK as the former principal contractor of Zimmer, and RKE as the parent of HJK. Paragraph 24(a) asserts that HJK and CG & E failed to maintain sufficient quality assurance measures; ¶ 24(e), that HJK and the individual defendants failed to process and respond adequately to internal reports critical of the Zimmer construction. Plaintiffs allege in paragraph 26 that HJK, CG & E, and the individual defendants knew of various problems affecting the competency of the welders employed at Zimmer, but failed to disclose those problems. The paragraph goes on to describe with some specificity five different types of problems.[1] Paragraph 63 alleges additional acts with respect to the Kaiser defendants: (a) that HJK filed inaccurate or inadequate welders' test records with the state of Ohio; (b) that Kaiser inspectors relaxed welder testing standards; (c) that HJK supervisors changed weld-test reports; (d) that Kaiser used materials designated for non-safety related use in safety-related systems; (e) that Kaiser disregarded CG & E's failure to make federally required component inspections; (f) that Kaiser knew that CG &

---

**1.** These specific examples are alleged to be among, but not an exclusive list of, the prob-
lems of which the Kaiser defendants were aware.

E's record keeping did not satisfy standards established by the Nuclear Regulatory Commission (NRC); and (g) that Kaiser knew that the combined inspection staff of CG & E and Kaiser was inadequate.

## II

Count 1 alleges a violation of Section 10(b) and Rule 10(b)-5. Paragraphs 67–75 describe the alleged securities fraud by CG & E and the individual defendants. These paragraphs expressly do not apply to the Kaiser defendants. Paragraph 77, however, states that the Kaiser defendants knew or recklessly disregarded that CG & E and the individual defendants were perpetrating a securities fraud, and, further, that Kaiser defendants either actively participated in this fraud or failed to disclose the fraud to the public. The paragraph continues, stating that HJK had access to material, non-public information about the Zimmer construction that, if disclosed, would have lessened plaintiffs' damages. Plaintiffs argue that HJK is secondarily liable as an aider and abettor of the section 10(b) and 10(b)-5 violations charged. Plaintiffs further allege that RKE, as a controlling parent, knew or should have known about the fraud, and thus, is also liable as an aider and abettor. Paragraph 78 states that plaintiffs would not have purchased CG & E securities at inflated prices had they known the materially adverse information not disclosed by the Kaiser defendants.

Defendants argue that paragraph 77 is no more than a bald conclusory assertion that the Kaiser defendants are secondarily liable for a securities fraud committed by others. They insist that there is no description of Kaiser's participation in the alleged fraud or of the manner in which their conduct constitutes a securities violation. Finally, they state that even if the factual allegations of paragraphs 10, 24, 26, and 64 were true, they would not establish either fraud or aider and abettor liability.

■ A person may be held liable as an aider and abettor of a section 10(b) violation only if (1) some other party has committed a securities law violation; (2) the alleged aider and abettor has a general awareness of an overall improper activity; and (3) the alleged aider and abettor knowingly and substantially assisted the violation. *SEC v. Washington County Utility District*, 676 F.2d 218, 224 (6th Cir.1982), quoting *SEC v. Coffey*, 493 F.2d 1304, 1316 (6th Cir.1974) *cert. denied*, 420 U.S. 908, 95 S.Ct. 826, 42 L.Ed.2d 837 (1975). *See also ITT, and International Investment Trust v. Cornfeld*, 619 F.2d 909, 922 (2d Cir.1980).

■ The complaint alleges numerous omissions and misrepresentations of material fact by CG & E and the individual defendants. *See, e.g.*, paragraphs 69–70. Thus, the complaint establishes the primary violation prong of the test for purposes of a motion to dismiss.

Paragraph 77 alleges that the Kaiser defendants knew or should have known of the primary violation by CG & E and the individual defendants; paragraph 26, that the Kaiser defendants knew of problems affecting the competency of the welders of CG & E's failure to make component inspections and inaccurate record keeping, and of the inadequacy of the inspection staff. Reading these paragraphs together, we find they satisfy the knowledge element of the aider and abettor test for purposes of a motion to dismiss.

With respect to the element of substantial assistance, the Sixth Circuit has held that inaction may suffice, but only if the inaction was intended to aid the securities violation. *Coffey*, 493 F.2d at 1317. In the instant case, plaintiffs allege not only inaction in the form of failure to disclose the fraud of which they were allegedly aware, but also, in paragraph 63, affirmative acts in furtherance of the fraud.

We conclude that the allegations of the complaint are sufficient to withstand a motion to dismiss Count 1, as it cannot be said that plaintiffs can prove no set of acts in support of their 10(b) claims against the Kaiser defendants that would entitle them

to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). The motion to dismiss Count 1 is accordingly denied.

### III

Arguing in the alternative that the allegations of Count 1 do not state the circumstances constituting fraud with the particularity required by Rule 9(b), Fed.R.Civ.P., defendants move that plaintiffs be required to provide a more definite statement pursuant to Rule 12(e), Fed.R.Civ.P. The Kaiser defendants point out that they were not issuers, underwriters, broker-dealers, filing parties, purchasers, sellers, insiders, or control persons with respect to the CG & E securities, nor are there any allegations that Kaiser defendants had any role in preparing or disseminating any CG & E shareholder reports or SEC filings. Under these circumstances, Kaiser defendants conclude that it is imperative that plaintiffs be required to state with particularity which of their acts constituted securities fraud.[2]

Rule 9(b), Fed.R.Civ.P., requires that "circumstances constituting fraud ... shall be stated with particularity." It is settled law, however, that Rule 9(b) must be read in conjunction with Rule 8(a), Fed.R.Civ.P., which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Neither Rule 8 nor Rule 9(b) requires fact pleading. The test is whether the pleading gives adequate notice so that the adverse party can prepare a responsive pleading. 5 Wright & Miller *Federal Practice and Procedure: Civil* § 1290 and cases cited therein.

This is an aider and abettor case. Therefore, plaintiffs must plead with particularity circumstances as to each of the three elements of aider and abettor liability. Having carefully reviewed the amended complaint, we find that plaintiffs have satisfied the requirements of Rule 9(b).

Paragraphs 67 through 75 of Count 1 describe the circumstances giving rise to the first element of aider and abettor liability, *i.e.*, a primary securities violation by CG & E. It should be clear from our discussion above that paragraph 72, when read together with paragraphs 24, 26, and 63, establishes circumstances allegedly giving rise to Kaiser defendants' knowledge of the overall improper activity.

Defendants' primary argument, however, is that the complaint does not describe how they allegedly participated in or substantially assisted the fraud by CG & E. We find to the contrary that the complaint is adequate in this regard in light of the Sixth Circuit's statement that inaction can satisfy the substantial assistance element of aider and abettor liability if the inaction was intended to aid the securities violation. *Coffey*, 493 F.2d at 1317.

A complaint must be read in its entirety for purposes of determining whether it satisfies Rule 9(b). Here, plaintiffs allege that had Kaiser defendants released the materially adverse information to which they were privy, plaintiffs would not have purchased the securities at allegedly inflated prices. The complaint spells out the allegedly adverse information, including problems with the competency of the welders, CG & E's failure to make component inspections, CG & E's inadequate recordkeeping, and an inadequate inspection staff. In effect, the substantial assistance arose when Kaiser allegedly failed to make public materially adverse information. Even if we were to agree that paragraph 77 is a bald conclusory assertion of aider and abettor liability, we would find that the complaint in its entirety alleges with particularity the circumstances giving rise to that assertion.

We agree with defendants that a somewhat stricter Rule 9(b) test is appropriate because, with respect to Kaiser defendants,

---

**2.** We agree with Kaiser defendants that the allegations of the complaint with respect to them state what might ordinarily be brought as a contract claim by CG & E against Kaiser rather than as a claim for securities fraud by CG & E shareholders. That, however, does not mean that the allegations, if true, could not also sustain liability for aiding and abetting a securities violation or for common-law fraud.

this is an aider and abettor case. Nevertheless, reading the complaint as a whole, we conclude that plaintiffs have provided Kaiser defendants with adequate notice such that defendants can prepare a responsive pleading. Accordingly, the motion for a more definite statement is denied with respect to Count 1.

## IV

■ The Kaiser defendants also assert that Count 3, asserting a claim for common-law fraud and deceit is also insufficient under Rule 9(b). Again, we disagree.

Count 3 alleges that the defendants employed a scheme and conspiracy to defraud with the intent of inducing plaintiffs and other investors to purchase CG & E stock at inflated prices, and that they made and participated in making misrepresentations and omissions of material fact. Paragraph 84. Plaintiffs allege further that their reliance upon these misrepresentations caused them to purchase stock at inflated prices. Paragraph 85.

Defendants insist that plaintiffs have failed to allege any facts that would establish a nexus between their alleged acts or omissions and plaintiffs' alleged injuries. However, Rule 9(b) does not require plaintiffs to allege facts. All that the rule requires is that the pleading state with particularity the circumstances giving rise to the alleged fraud. Plaintiffs have satisfied that requirement.

Plaintiffs have alleged that the Kaiser defendants participated in a scheme or conspiracy to defraud, and that this participation included, *inter alia*, not revealing material, non-public information which, if revealed, would have lessened plaintiffs' damages. The nature of that information is spelled out in paragraph 26, which identifies specific welding problems of which Kaiser was allegedly aware. Specific acts by Kaiser are alleged in paragraph 63(a)–(d). Kaiser's alleged knowledge of CG & E fraud upon its investors is detailed in paragraph 63(e)–(g). The allegedly misleading facts or omissions are set out in paragraph 69. The documents in which these facts or omissions appeared and on which plaintiffs allegedly relied in deciding to purchase CG & E stock are set forth in paragraphs 28 through 32, 34 through 39, 43 through 47, and 53. All of the paragraphs just referred to are incorporated by reference in Count 3. Paragraph 83.

We are persuaded that the allegations of the amended complaint are sufficient to give the Kaiser defendants adequate notice of the nature of the claims against them. In brief, plaintiffs allege that HJK, as the principal contractor, and RKE, as HJK's controlling parent, not only knew about defects in the Zimmer construction, but actively participated with CG & E in concealing these defects from the investing public and/or misrepresenting the nature of the defects. As the result of Kaiser's alleged participation, CG & E could continue to make misrepresentations to the investing public.

We find that these allegations are sufficient to give Kaiser defendants adequate notice of the circumstances giving rise to plaintiffs' claim of common-law fraud. Accordingly, Kaiser defendants' motion to dismiss, or in the alternative for a more definite statement of the claims set forth in Count 3 is denied.

## V

Count 4 sets forth a common-law claim under Ohio law for negligent misrepresentation. Kaiser defendants maintain that the state law claim must be dismissed because the Ohio courts do not recognize such a cause of action.

Plaintiffs acknowledge that a mere negligent or inadvertent statement does not give rise to a cause of action for negligent misrepresentation in Ohio. They argue, however, that Ohio law does provide a cause of action for negligent misrepresentation where a party has a duty to know whether or not its representations are true. One with such a duty cannot escape by liability by asserting that he believed his representations to be true, according to plaintiffs who refer us to *Parmlee v. Adolph*, 28 Ohio St. 10 (1875).

■ It is true, as defendants note, that in *Parmlee* the defendant administrator

had a statutory duty to ascertain that the promissor of a note was solvent. 28 Ohio St. at 21. Nevertheless, the case does not turn upon the fact that the duty was statutory. To the contrary, the Court, in discussing the law governing misrepresentation, stated:

> [W]here the party making the false representations is bound to know the truth of his representations; then mere belief in their truth will not excuse. One is responsible for his belief in a case *where a prudent person might know the truth* of the facts upon which his supposed belief is founded.

28 Ohio St. at 20 (emphasis added). This language does not limit claims for negligent misrepresentation to situations in which the defendant is under a statutory duty. *Parmlee* has not been overruled and thus, states the law in Ohio.

*Parmlee* makes it clear that all plaintiffs must allege is that Kaiser defendants had a duty to ascertain the truth of any representations they made for the purpose of inducing reliance by another. *See generally* 50 O.Jur.3d 473–477 §§ 119, 121, 122, and cases cited therein.

We conclude that Ohio does recognize a cause of action for negligent misrepresentation. In addition, we cannot conclude that plaintiffs can prove no set of facts in support of their claim of negligent misrepresentation that would entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). The motion to dismiss Count 4 is accordingly denied.

In addition, we find that the complaint as a whole is sufficiently particularized to give Kaiser defendants adequate notice of the claims set forth in Count 4. The standard governing actions for negligent misrepresentation is enumerated in *Parmlee.*

> Where a party, from the nature of the transaction and his relation to the parties and the facts are such that he is chargeable with a knowledge of the truth of the representations he makes, if they are false, he can not escape liability by saying he believed them to be true. It was his duty to know whether they were true, and his belief will not excuse him from liability to the person injured thereby, unless the facts will reasonably justify a prudent man in such belief.

28 Ohio St. at 21. HJK as principal contractor for Zimmer, and RKE as controlling parent were allegedly so related to CG & E that they should have known the truth of representations made by either themselves or CG & E. Thus, Kaiser defendants cannot rely upon their belief in the truth of the representations if plaintiffs can demonstrate that no prudent person would have reasonably believed the representations to be true. Accordingly, we find that defendants' motion for a more definite statement as to Count 4 should be denied.